Mr. Justice Cox
delivered the opinion of the court;
I am requested to deliver the opinion of the court in this case. There are no printed briefs or records in this case and I get the facts from the original papers.
There was an amendment allowed by the justice holding the Circuit Court, to be made to a writ of sci. fa., which had been issued at the instance of the plaintiff. An appeal was *531 taken from the order allowing this amendment, to this court and here a motion is made upon the part of the plaintiff to dismiss the appeal, upon the ground that the order allowing the amendment is one within the discretion of the justice holding the special term, and is therefore not appealable.
On the other hand, it is contended that the justice had no power to allow the amendment, and, that being the case, that he had no discretion about it. If he had no power to allow the amendment, of course he had no discretion. In order to intelligently dispose of this question, it is necessary to look into the facts of the case as gathered from the papers.
It appears that on the 16th day of October, 1876, Isaac S. Lyon recovered a judgment against Samuel Ford and Charles H. Holden for $810 and interest, etc. On the 16th day of October, 1888, which was just one day before the expiration of twelve years from the recovery of this judgment, the set. fa. was issued against Ford, one of the defendants, alone. Ford appeared and pleaded nul tiel record, which was a natural and proper plea, because the scire facias, as we all know, must pursue the judgment upon which it is based.
If it is shown that the scire facias issued only against one of two joint debtors, then it is a nullity, and in this case the plea was a perfect defense upon the face of the record. Now, it was too late to issue, a new writ against the other defendant, Holden, as more than twelve years had elapsed from the date of judgment and there had been no proceedings against him. Thereupon the attorney for the plaintiff made a motion to the following effect: “Comes now the plaintiff by his attorney and moves the court that the clerk of the court be instructed and directed to issue, as of the 16th day of October A. D., 1888, a writ of scire facias upon the judgment in the above entitled cause directed to the defendants, Samuel Ford and Charles H. Holden, in accordance with the order of the plaintiff in the said cause on said 16th day of October, 1888, and for grounds for this motion shows that, as appears by the record in said cause, the plaintiff in proper person tin the 16th day of October, A. D. 1888, delivered to the clerk of this court an order in the following words: ‘The clerk *532 of the said court will issue a writ of scire facias upon the judgment rendered in the above entitled cause,’ and that upon said order the said clerk issued the said writ of scire facias duly-entitled in the said cause, namely: I. S. Lyon, plaintiff, vs. Samuel Ford and Charles H. Holden, defendants; but that the said clerk delivered to the Marshal of the United States for the District of Columbia for service, but one copy of the said writ addressed to the defendant Samuel Ford only, copies of-which said writ should properly have been issued for service upon each of the said defendants; that accordingly the defendant Samuel Ford only was served with a copy of said writ, and no copy thereof was issued to or served upon the said defendant, Charles H. Holden.”
There were two affidavits filed, one on the part of Mr. Young, the clerk, to the effect that he was directed to issue a sci.fa. only against Ford, and then there was another affidavit on the part of Mr. Lyon explaining his instructions to the clerk. But in point of fact, the sci.fa. was issued for Ford only. Now, just at this point we may pause for a moment and see how far it was possible for this motion to prevail. The motion was that the new writ of scire facias should be dated back to the 16th day of October, 1888, and the object of it manifestly was to relieve the plaintiff from the bar of the statute of limitations, as to the defendant Holden. If a suit should be brought against a single defendant and upon the plea of limitations being filed, the plaintiff should cause a new writ to be issued, as of a date when the statute would not be applicable, so as to save the bar of the statute it would be at once perceived that such action as that would be entirely improper. So, if an action had been brought against one or two joint debtors, and after the commencement of the suit, and during its pendency, the statute of limitations had run against the other debtor, not sued, it would be at once apparent that an application to issue a new writ as of the date when the first one was issued, against the new defendant would be equally unsustainable. Now, then, do either of the instances that I have cited differ in principle from *533 the present case? The writ of sci. fa. is both in the nature of an execution and an original writ — a new action. It is a new action for the purpose of being pleaded to.
As I have said, the motion in this case was to issue a new writ as of the date of the one issued only against Ford, and that for the purpose of saving the bar of the statute. It seems difficult to us to understand how such a writ could be issued, and the judge holding the circuit court evidently appreciated the difficulty. The order passed by the justices recites that1 ‘This cause having come on for consideration by the court upon the motion of the plaintiff that the clerk of the court be instructed and directed to issue as of the 16th day of October, A. D. 1888, a writ of scire facias upon the judgment in the said cause, and the same having been duly considered by the court, and it appearing to the court that on the said 16th day of October, A. D. 1888, the plaintiffs in proper person filed with the clerk of the court an order in due form for the issue of a writ of scire facias upon said judgment, and that the said clerk issued the said writ properly entitled in the cause as to the names of both the defendants, but issued for service but one copy of said writ which, while so entitled, was addressed only to the defendant, Samuel Ford, it is this 27th day of February, A. D. 1892, adjudged and ordered that the said motion be and the same is hereby granted and that the writ of scire facias so as aforesaid issued by the said clerk be deemed and taken to be so amended as to include in the summoning part thereof the names of both the defendants instead of the name of the defendant Ford only, as aforesaid.” And thereupon the writ was so amended as to include the name of Holden and issued.
It does not make any difference to call it an amendment instead of a new writ, because the effect of it would practically be the same. If a writ has not yet been executed, and there is an error of description or it varies from the prior proceedings in the case, undoubtedly the court, on motion, would amend it, and if at any time during the proceedings a writ varies in some descriptive part of it from the record, and the party is entitled to the writ and the proceedings in other respects are regular, *534 the court will amend it so as to make it conform to the prior proceedings in the cause. But we have never heard of such a writ as was issued in this case, being amended so as to include another party, dating it back to the time of the original writ so as to avoid the bar of the statute. We have not been referred to any precedent for amending a writ of execution and the most remarkable part of this case is that the writ had been issued, served and returned and it was a dead writ. When a writ is once served and returned it has performed its function, and we never heard of reissuing such a writ so as to include other parties who were not named in it originally.
The case, most like the present, which has been cited to us as sustaining the claim of the plaintiff is the case of Prather vs. Manro, 11 G. & J., p. 262. That case is very much like this-Judgment had been recovered against Prather and a scire facias was issued against the terre tenants of James Prather alone, although judgment was also obtained against Elie Prather in the same cause. A motion was made to amend the writ of scire facias by the plaintiff and thereupon the court granted a rule reciting that “Above cause being reached in regular progress over the docket the attorneys for the defendant offered to file the plea of nul tiel record which is objected to by the attorney for the plaintiff.”
The ground of the plaintiff’s application to amend the scire facias was that the plaintiff’s attorney had opened the docket at this judgment and placed the same open before the clerk and directed him to issue a scire facias on that judgment against the terre-tenants of James Prather generally, and further suggested that the scire facias in this case was issued upon the judgment, but that from inadvertence, misapprehension of the law, or from some mistake, the clerk, in issuing the scire facias, omitted to introduce into it the name of Elie Prather. Now, the county court, on the request of the plaintiff, directed that the writ of scire facias be amended so as to recite the judgment against both. To the amended writ the terre-tenants of James Prather demurred and the plaintiff joined in the demurrer. The county court awarded the fiat in conformity with the return to the original writ and the *535 tenants of Prather appealed. The court held the amendment properly allowed under the circumstances of the case so as to make the writ conform to the direction of the attorney, whose instructions are satisfactorily proved. The court, however, held “that the judgment of the court below is not warranted by the amended scire facias” They say:
‘ ‘The scire facias is in the nature of a declaration, and it should contain upon its face such a statement of facts as to justify the process in respect to the form in which it issues, and the persons who are made parties to it.
“In this writ there is not only a want of facts in the recital to justify the form in which the process issued, but the facts recited show that other parties should have been made. It states that a judgment had been recovered by the plaintiff, against two defendants, and that it remained unexecuted, and on the authority of this state of facts proceeds against the terre tenants of one of those defendants as the proper persons, against whom alone to enforce the execution of the judgment.
“No suggestion is made of the death of the original defendants, or either of them; and they must be presumed therefore to be in full life, and if alive, were necessary parties.
“The principle upon which an original party to the judgment if living, or his representative after his death, is to be made a party to a scire facias, is not that of contribution as amongst different terre tenants. Neither the original defendant or his heir could claim contribution from terre tenants; but they are regarded as the persons most competent to know and to prove the satisfaction of the judgment. We think the appellants might well demur to this scire facias, as manifestly insufficient on its face, to authorize the plaintiff to enforce his execution against them alone.
“ It is altogether unlike the case of a terre tenant, who is charged without naming other terre tenants, who ought to be made co-defendants. In such a case, the proceedings on their face disclose the fact that the defendant proceeded against is liable and the facts and circumstances upon which the obligation to share the liability is supposed-to depend, *536 must necessarily be brought to the notice of the court by plea; and this plea must be in abatement, because it is not to discharge the defendant entirely, but only to lessen the amount of his responsibility.
‘ ‘ No additional amendment could now be made to give the writ a legal form; ,and in no event could the appellee be enabled to recover in this case, if it were returned to the court of Washington County; therefore we deem it unnecessary to order a procedendo.”
In other words, the court held that the writ was against one of several tenants and it could not be amended so as to include another, and it was useless to send it back for further proceedings. If this case decides anything involved in the case of the plaintiff, it is adverse to him.
We think, therefore, that it is very plain that the justice at the special term exceeded his powers in directing this writ to be amended, so as to include the other defendant, and the motion to dismiss the appeal is accordingly overruled.